# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **WORDLOGIC CORPORATION and 602531 BRITISH COLUMBIA LTD.**<br><br>**Plaintiff,**<br><br>vs.<br><br>**J. C. PENNEY COMPANY, INC.**<br><br>**Defendant.** | **Civil Action No.: 6:19-cv-471**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs WordLogic Corporation ("WordLogic") and 602531 British Columbia Ltd. ("BC"), together (the "Plaintiffs"), by and through their undersigned attorney, for this original Complaint against Defendant J. C. Penney Company, Inc. ("Defendant"), allege, based on its own knowledge with respect to itself and its own actions and based on information and belief as to all other matters, as follows:

1.

This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, to enjoin infringement and obtain damages from Defendant's unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for the subsequent use or sale of products or methods that infringe one or more claims of U.S. Patent No. 7,681,124.

## PARTIES

2.

Plaintiff WordLogic Corporation is a Nevada corporation having its principal place of business at 1066 W. Hastings St., Suite 2000, Vancouver, BC V6E 3X2, Canada. Plaintiff WordLogic is the parent company of Plaintiff 602531 British Columbia Ltd.

3.

Plaintiff 602531 British Columbia Ltd. is a Canadian limited liability company with a principal place of business at 1066 W. Hastings St., Suite 2000, Vancouver, BC V6E 3X2, Canada. Plaintiff 602531 British Colombia Ltd. is a wholly owned subsidiary of WordLogic and the assignee of United States Patent No. 7,681,124.

4.

Upon information and belief, Defendant is a Corporation organized under the laws of the State of Delaware with corporate offices at 6501 Legacy Drive, Plano, Texas 75024 with retail locations within this district at, for example, 2901 S Capital of Texas Hwy, Austin, TX 78746.

5.

Upon information and belief, Defendant may be served this Complaint by service upon its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

6.

This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction over all causes of

action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

7.

Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b) and (c) and 1400(b) in that, upon information and belief, Defendant has retail locations within this district, at, for example, 2901 North Capital of Texas Highway South, Austin, Texas, 78746, Defendant routinely does business within this district, Defendant has committed acts of infringement within this district, and Defendant continues to commit acts of infringement within this district.

8.

Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this State and judicial district, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**WORDLOGIC'S ASSERTED PATENT**

9.

On March 16, 2010, U.S. Patent Number 7,681,124 ("the '124 Patent") titled DATA ENTRY FOR PERSONAL COMPUTING DEVICES, was issued to Harold David Gunn and John Chapman.  A true and correct copy of the '124 Patent is attached to this Complaint as Exhibit 1 and is incorporated by reference herein.

10.

All rights, title, and interest in the '124 Patent have been assigned to WordLogic and 602531 British Columbia Ltd. WordLogic has been the sole owner of the '124 Patent since its issuance.

11.

The '124 Patent is generally directed towards methods and systems for computer assisted data entry and text generation for input fields utilizing computing devices.

**INTRODUCTION**

12.

WordLogic is a global leader and innovator in the field of predictive text input technology.

13.

WordLogic has been developing predictive text input technology since the late 1990's. WordLogic's technology has been developed, utilized and licensed for use on a wide variety of devices and applications including PC's, smart phones, tablets, websites, media players, navigational systems, and gaming consoles.

14.

WordLogic's technology has been recognized as a leader in the field predictive keyboard applications by various news outlets including Market Wired™ and NBC™.

15.

WordLogic's technology incorporates technology such as proprietary gesturing and WordChunking™ features to increase the productivity and effort needed to accurately input text.

16.

WordLogic's predictive keyboard application known as iKnowU® is a contextually aware predictive keyboard that makes typing easier, faster, and more accurate for mobile users. The application predicts what the user is about to type and helps complete the sentence with reduced effort. The application predicts the next most likely letters, words and phrases, which significantly reduces the number of keystrokes needed to complete the text.

**COUNT I**

**DIRECT INFRINGEMENT OF THE '124 PATENT
PURSUANT TO 35 U.S.C. § 271(a)**

17.

Plaintiffs incorporate by reference the allegations of Paragraphs 1-16.

18.

Defendant has directly infringed and continues to directly infringe at least one or more claims of the '124 Patent, through, among other activities, making, using, and incorporating into Defendant's website, keyboard predictive text with generated predictive text fields. Claim 19 of the '124 Patent, for example, recites:

> 19. A computer-readable medium comprising codes for directing a processing unit to process text entered into a personal computing device, by:
> (a) receiving and displaying a partial text entry, comprising receiving at least part of the partial text entry via a keyboard, the partial text entry comprising at least a first character;
> (b) in response to receipt of the first character of the partial text entry, obtaining a plurality of completion candidates from among a group of completion candidates, wherein each of the plurality of completion candidates includes a portion matching the partial text entry;
> (c) displaying the plurality of completion candidates in a search list within a graphical user interface;
> (d) detecting user input corresponding to selection of a particular completion candidate from among the plurality of completion candidates displayed in the search list;

(e) modifying the display of the partial text entry to correspond to the particular completion candidate selected from among the plurality of completion candidates at least while the particular completion candidate remains selected;

(f) detecting modification of the partial text entry by the user via the keyboard;

(g) obtaining and displaying in the search list a modified plurality of completion candidates from among the group of completion candidates, if the partial text entry is modified via the keyboard, wherein each of the modified plurality of completion candidates includes a portion matching the partial text entry; and

(h) obtaining and displaying in the search list a further modified plurality of completion candidates from among the group of completion candidates, if a completion candidate is accepted via the search list from the modified plurality of completion candidates, wherein each of the further modified plurality of completion candidates includes a portion matching the accepted completion candidate.

19.

The Defendant's website receives and displays a partial text entry via a keyboard, the partial text entry comprising at least a first character.



20.

The Defendant's website, in response to receipt of the first character of the partial text entry, obtains a plurality of completion candidates from among a group of completion candidates, wherein each of the plurality of completion candidates includes a portion matching the partial text entry.



21.

The Defendant's website displays the plurality of completion candidates in a search list within a graphical user interface.



22.

The Defendant's website detects user input corresponding to selection of a particular completion candidate from among the plurality of completion candidates displayed in the search list and modifies the display of the partial text entry to correspond to the particular completion candidate selected from among the plurality of completion candidates at least while the particular completion candidate remains selected.



23.

The Defendant's website also detects modification of the partial text entry by the user via the keyboard and obtains and displays in the search list a modified plurality of completion candidates from among the group of completion candidates, if the partial text entry is modified via the keyboard, wherein each of the modified plurality of completion candidates includes a portion matching the partial text entry.



24.

The Defendant's website also obtains and displays in the search list a further modified plurality of completion candidates from among the group of completion candidates, if a completion candidate is accepted via the search list from the modified plurality of completion candidates, wherein each of the further modified plurality of completion candidates includes a portion matching the accepted completion candidate.



## INDIRECT INFRINGEMENT OF THE '124 PATENT
## PURSUANT TO 35 U.S.C. § 271(b)

25.

Plaintiffs' repeat, reallege, and incorporate by reference, as if sully set forth herein, the allegations of the preceding paragraphs, as set forth above.

26.

In addition to directly infringing the '124 Patent, Defendant has indirectly infringed the '124 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including customers, purchasers, users and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, of the '124 Patent, where all the steps of the method claims are performed by either the Defendant, its customers, purchasers, users, and developers, or some combination thereof. Defendant knew or should have known that it was inducing others, including customers, purchasers, users, and developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the '124 Patent.

27.

Defendant knowingly and actively aided and abetted the direct infringement of the '124 Patent by instructing and encouraging its customers, purchasers, users, and developers to use the '124 Patent methods and technology. These instructions of encouragement include, but are not limited to, developing the website with '124 Patent's technology and advertising and promoting use of the '124 Patent's technology.

28.

Defendant updates and maintains a website that directly facilitates and encourages third parties to utilize the '124 Patent's technology. Available at www.jcpenney.com.

29.

The Defendant has been and is currently committing these acts of infringement without a license or authorization from Plaintiffs, and such acts of infringement are likely to continue unless enjoined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief that the Court enter judgment in their favor and against Defendant, granting the relief as follows:

A. That the Court enter judgment that one or more claims of the '124 Patent have been infringed either directly or indirectly and/or under the doctrine of equivalents, by Defendant;

B. That Defendant be ordered to pay damages adequate to compensate Plaintiffs for its acts of infringement, pursuant to 35 U.S.C. § 284;

C. That Plaintiffs be awarded increased damages under 35 U.S.C. § 284 due to Defendant's willful infringement of the '124 Patent;

D. That the Court find that this case exceptional and award Plaintiffs reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E. That Defendant, its officers, agents, employees, and those acting in privity with it, be preliminarily enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

F. That Defendant, its officers, agents, employees, and those acting in privity with it, be permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

G. That Defendant be ordered to pay prejudgment and post-judgment interest;

H. That Defendant be ordered to pay all costs associated with this action; and

      I.      That Plaintiffs be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a jury trial on all issues justiciable by a jury.

      Respectfully Submitted,

This 15th day of August, 2019      */s/ H. Artoush Ohanian*

      H. Artoush Ohanian
      **OhanianIP**
      Texas Bar No. 24013260
      604 West 13th Street
      Austin, Texas 78701
      Telephone: (512) 277-3266
      Facsimile: (512) 298-2005
      artoush@ohanianip.com

      **ATTORNEY FOR PLAINTIFFS**
      **WORDLOGIC CORPORATION and**
      **602531 BRITISH COLUMBIA LTD.**